NUMBER 13-08-00579-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROBERT WAYNE THOMPSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 On October 17, 2003, appellant, Robert Wayne Thompson, was indicted for the
offense of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), §
49.09 (Vernon Supp. 2008). The indictment alleged two prior convictions for driving while
intoxicated, enhancing the current offense to a second-degree felony. Id. § 12.42 (Vernon
Supp. 2008). Thompson entered into a plea agreement with the State in which he pleaded
guilty to the indicted offense and answered true to the enhancement allegations in
exchange for a recommendation by the State that he receive a ten-year probated
sentence, community supervision, and a fine of $2,500. See Tex. Code Crim. Proc. Ann.
art. 42.12 (Vernon Supp. 2008). On February 16, 2004, the trial court accepted the plea
agreement, sentenced Thompson to ten years' confinement, probated the sentence for ten
years, placed Thompson on community supervision, and fined him $2,500. 

 On May 17, 2005, the State moved to revoke Thompson's community supervision
on the grounds that he violated community supervision terms by, inter alia, not attending
mandatory meetings. Thompson answered "true" to the allegations in the motion to
revoke. The trial court granted the State's motion and revoked Thompson's community
supervision. Thompson's court-appointed appellate counsel has filed an Anders brief. We
affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Thompson's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Thompson's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Thompson, and (3) informed
Thompson of his right to review the record and to file a pro se response within thirty days. (1) 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman,
252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and
Thompson has filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

I. Independent Review Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

II. Motion to Withdraw

 In accordance with Anders, Thompson's attorney has asked this Court for
permission to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also
In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant. To withdraw from
representation, the appointed attorney must file a motion to withdraw accompanied by a
brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant counsel's motion to withdraw. Within five days of the date of this Court's opinion,
counsel is ordered to send a copy of the opinion and judgment to Thompson and to advise
him of his right to file a petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also
In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex.
Crim. App. 2006). 

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 2nd_day of July, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.